IN THE UNITED STATES DISTRICT COURT
DISTRICT OF KANSAS

**United States of America,**

      **Plaintiff,**

**v.**                                                 **Case No. 98-20076-03-JWL**

**Keith V. Weathersby,**

      **Defendant.**

## MEMORANDUM & ORDER

In March 2002, defendant Keith V. Weathersby was convicted by a jury of conspiracy to possess with intent to distribute cocaine and of possession with intent to distribute cocaine or aiding and abetting the possession with intent to distribute cocaine. At the close of the government's evidence, and again following trial, Mr. Weathersby moved for a judgment of acquittal arguing that the evidence against him was insufficient to support a conviction. The court denied both motions. After the verdict was entered, Mr. Weathersby filed a motion for a new trial and the court denied that motion as well. The court sentenced Mr. Weathersby to a 292-month term of imprisonment. Mr. Weathersby appealed to the Tenth Circuit the court's denial of his motions for a judgment of acquittal and motion for a new trial and also appealed the court's application of an upward adjustment to his base offense level for reckless endangerment. In April 2004, the Tenth Circuit affirmed this court in all respects.

This matter is now before the court on Mr. Weathersby's motion (doc. 227) pursuant to Federal Rule of Criminal Procedure 41 to return $180,000.00 that law enforcement officials

seized from him in Kansas City, Missouri during the investigation and prosecution of the case. The motion is denied. The subsection of Rule 41 that governs the return of property expressly provides that the motion must be filed in the district where the property was seized. *See* Fed. R. Crim. P. 41(g). Mr. Weathersby states in his motion that the property was seized in Kansas City, Missouri and that fact is confirmed by tracking records submitted by the United States in response to Mr. Weathersby's motion, which reflect the processing district as the Western District of Missouri.

A circuit split existed under the predecessor to Rule 41(g), Rule 41(e), as to where venue would properly lie for post-conviction motions seeking the return of property. *See United States v. Schomaker*, 2006 WL 1236841, at *1 (D.N.H. May 9, 2006). Several circuits, including the Seventh Circuit, continue to follow the doctrine of ancillary jurisdiction in the district where the criminal trial was held, which was developed under Rule 41(e). *Id.* (collecting cases). Other circuits, including the Third and Eleventh Circuits, interpret Rule 41(g) to limit venue to the district where the property was seized. *Id*; *Pegg v. United States*, 2005 WL 2136811, at *1 (11th Cir. Sept. 6, 2005). While the Tenth Circuit does not appear to have adopted a bright-line rule, it has held that a district court did not abuse its discretion in finding that it lacked jurisdiction over a motion for the return of property under then-Rule 41(e) where the underlying criminal proceedings have concluded and the trial court no longer exercises any control over the subject property. *See United States v. Akers*, 215 F.3d 1089 (10th Cir. 2000).

In this case, Mr. Weathersby was convicted more than 5 years ago. Moreover, the tracking records submitted by the United States demonstrate that the District of Kansas never

2

had any control over the property that Mr. Weathersby seeks to recover. In *Akers*, the trial court denied the defendant's Rule 41(e) motion for lack of jurisdiction even though the motion was made prior to conviction and sentencing but the District of Colorado never had control over the property. *Id*. at 1106-07. On appeal, the Tenth Circuit held that the proper venue was the district in which the property was seized and viewed "this interpretation as conforming more closely to the language of the rule and to the practicalities of judicial administration." *Id*. at 1106. In light of *Akers*, then, the court concludes the proper venue for Mr. Weathersby's motion is the Western District of Missouri.[1]

**IT IS THEREFORE ORDERED BY THE COURT THAT** Mr. Weathersby's motion for return of property (doc. 227) is denied without prejudice to refiling in the proper venue.

**IT IS SO ORDERED** this 3rd day of December, 2007.

        s/ John W. Lungstrum
        John W. Lungstrum
        United States District Judge

---

[1] Mr. Weathersby points out that "there is no case number" in the Western District of Missouri in which to file his motion. Because the criminal proceedings have concluded, however, Mr. Weathersby, if he desires to pursue it, should file his motion as a new civil complaint for equitable relief from forfeiture. *See United States v. McGhee*, 2003 WL 21267795, at *1 (10th Cir. June 3, 2003) (citing *United States v. Clark*, 84 F.3d 378, 381 (10th Cir. 1996)).