**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

| | |
|---|---|
| **UNITED STATES of AMERICA,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | Case No. 98-20076-03-JWL |
| v. ) | 08-2081-JWL |
| ) | |
| **KEITH W. WEATHERSBY (03)** ) | |
| ) | |
| **Defendant.** ) | |
| ) | |
| _____ ) | |

**MEMORANDUM & ORDER**

Defendant Keith Weathersby was convicted by a jury on March 26, 2002 of conspiracy to possess with intent to distribute cocaine and of possession with intent to distribute cocaine or aiding and abetting the possession with intent to distribute cocaine. He was sentenced to 292 months in prison on each count, to run concurrently. He filed a direct appeal, and the Tenth Circuit Court of Appeals upheld the conviction and sentence. *See generally United States v. Weathersby*, Case No. 02-3322, 2004 WL 407036 (10th Cir. Mar. 5, 2004) (unpublished opinion). He subsequently petitioned for a writ of certiorari to the Supreme Court of the United States, and the Court denied that petition on June 21, 2004. This matter is now before the court on Mr. Weathersby's motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255 (doc. 232) and the government's motion to dismiss Mr. Weathersby's § 2255 motion (doc. 236). For the reasons explained below, the government's motion to dismiss is granted and Mr. Weathersby's § 2255 motion is denied.

1

In relevant part, § 2255 requires a motion seeking relief to be filed within one-year of the later of the following:

(1) the date on which the judgment of conviction becomes final;
. . . . [other events not applicable here]; or
(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

§ 2255(f).  Under this statute, as a general rule a § 2255 motion must be filed within one year from the date the defendant's conviction becomes final.  *See* § 2255(f)(1); *United States v. Guerrero*, 488 F.3d 1313, 1316 (10th Cir. 2007).  When a defendant files a direct appeal and subsequently petitions for a writ of certiorari, as in this case, a conviction becomes final for purposes of the time period for filing a § 2255 motion if and when the Supreme Court denies that petition.  *United States v. Gabaldon*, 522 F.3d 1121, 1123 (10th Cir. 2008); *United States v. Prows*, 448 F.3d 1223, 1227 (10th Cir. 2006).  Mr. Weathersby's conviction became final on June 21, 2004 when the Supreme Court denied his petition for a writ of certiorari.  He did not file the current motion until February 19, 2008, which was three years and nearly eight months later – well beyond the one-year time limit unless a different triggering event applies here.

Mr. Weathersby argues that his retained attorney failed to file his § 2255 motion on time.  In *United States v. Lopez*, Case No. 05-4267, 2006 WL 2556360, at *1-*2 (10th Cir. Sept. 6, 2006) (unpublished opinion), the Tenth Circuit addressed a similar situation where the defendant's attorney had failed to file a § 2255 motion within one year after his conviction became final.  The court noted that § 2255(f)(4) may apply and that the defendant should have been given an opportunity to establish the date on which he should have discovered, through the exercise of due diligence, that his attorney failed to file an appeal.  *Id.* at *2.  The record in this case establishes that by August of 2005 Mr. Weathersby knew his attorney had failed to file the § 2255 motion.  He sent a letter to the court dated August 18, 2005 (doc. 226) in which he stated

that he had paid his attorney to file a § 2255 motion on his behalf by the due date of June 21, 2005, that he was aware his attorney had not filed the motion on time, and that he had retained other counsel to work on his case. At the very latest, then, the trigger date under § 2255(f)(4) was August 18, 2005. Consequently, the one-year time limit expired on August 18, 2006. He did not file his § 2255 motion until February 19, 2008, which was approximately eighteen months too late. Thus, even granting Mr. Weathersby the benefit of the later trigger date applicable under § 2255(f)(4) because his attorney failed to file the § 2255 motion within one year after the Supreme Court denied his petition for a writ of certiorari, the motion still was not filed within the applicable one-year period.

Mr. Weathersby also is not entitled to equitable tolling of the statutory limitations period. "Equitable tolling of the limitations period is available when an inmate diligently pursues his claims and demonstrates that the failure to timely file was caused by extraordinary circumstances beyond his control." *Marsh v. Soares*, 223 F.3d 1217, 1220 (10th Cir. 2000) (quotation omitted). Even if Mr. Weathersby's attorney's failure to file the § 2255 motion within the one-year limitations period constitutes an extraordinary circumstance that justifies equitable tolling, equitable tolling is available only if the defendant shows that he acted with reasonable diligence. *Fleming v. Evans*, 481 F.3d 1249, 1256 (10th Cir. 2007). In this case, Mr. Weathersby has not shown that he acted with diligence once he learned that his attorney did not file his § 2255 motion. While he may initially have acted to rectify the failure to file by promptly retaining a new attorney, he has offered no explanation to justify the subsequent lengthy delay of two and a half years before the motion was actually filed. Consequently, the equitable tolling doctrine cannot be applied here. *See, e.g.*, *Stanley v. McKune*, Case No. 05-3100, 2005 WL 1208931, at *2 (10th Cir. May 23, 2005) (unpublished decision) (refusing to apply equitable tolling based on

attorney's failure to file an appeal when the petitioner did not timely seek to rectify the mistake); *Loving v. Mahaffey*, Case No. 01-7063, 2001 WL 1564057, at *1 (10th Cir. Dec. 10, 2001) (unpublished decision) (holding equitable tolling was unavailable due to habeas petitioner's lack of diligence, notwithstanding his placement of blame on his attorney for failure to file a notice of appeal as requested). Accordingly, Mr. Weatherby's § 2255 motion must be dismissed as untimely.

**IT IS THEREFORE ORDERED BY THE COURT** that the government's motion to dismiss Mr. Weathersby's § 2255 motion (doc. 236) is **GRANTED.**

**IT IS FURTHER ORDERED BY THE COURT** that Mr. Weathersby's Motion to Vacate under § 2255 (doc. 232) is **DENIED**.

**IT IS SO ORDERED** this 18th day of August, 2008.

s/ John W. Lungstrum
John W. Lungstrum
United States District Judge