IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>)<br>Plaintiff, )<br>) Case Nos. 08-2081-JWL<br>v. ) and 98-20076-03-JWL<br>)<br>KEITH W. WEATHERSBY, )<br>)<br>Defendant. )<br>)<br>_____) | |

## **MEMORANDUM AND ORDER**

Keith W. Weathersby has filed a motion for reconsideration (Doc. #243), by which he requests this Court to reconsider its denial of his previous petition under 28 U.S.C. § 2255. For the reasons set forth herein, the Court denies the motion to the extent that it raises issues Mr. Weathersby previously raised, and the Court deems the motion a second or successive petition under § 2255 and transfers it to the United States Court of Appeals for the Tenth Circuit to the extent that the motion raises new issues.

### I.   **Procedural History and Present Motion**

On March 26, 2002, a jury convicted Defendant Keith Weathersby of conspiracy to possess with intent to distribute cocaine and of possession with intent to distribute cocaine or aiding and abetting the possession with intent to distribute cocaine. On August 14, 2002, the Court sentenced Mr. Weathersby to 292 months in prison. He filed a direct appeal, and the Tenth Circuit Court of

Appeals upheld the conviction and sentence. *See generally United States v. Weathersby*, Case No. 02-3322, 2004 WL 407036 (10th Cir. Mar. 5, 2004) (unpub. op.).

On February 19, 2008, Mr. Weathersby filed a motion to vacate his sentence pursuant to 28 U.S.C. § 2255 (Doc. #232). Mr. Weathersby asserted several grounds in the motion. He argued that because a federal grand jury indicted him under 21 U.S.C. § 841(a)(1) on the charges of conspiring to possess and possessing with intent to distribute four kilograms of cocaine, he was "actually innocent" of the charges because § 841(b)(1)(ii) requires the possession of at least five kilograms. Thus, Mr. Weathersby alleged that the Court lacked subject matter jurisdiction to impose a 292-month sentence, and as a result, his sentence was illegal. Mr. Weathersby further alleged that his attorneys provided ineffective assistance of counsel at trial and on direct appeal because they failed to raise the jurisdictional issue and because they "actively concealed" their knowledge that Mr. Weathersby's offense did not satisfy the requirements of § 841(a)(1).

On August 18, 2008, this Court denied Mr. Weathersby's § 2255 motion on the basis that his motion was untimely because he failed to file it within the one-year limitations period prescribed by the statute, and because he was not entitled to equitable tolling of the statutory limitations period. *See* Doc. #242; *U.S. v. Weathersby*, Case Nos. 98-20076-03 and 08-2081, 2008 WL 3884320 (D. Kan. Aug. 18, 2008).

On May 11, 2009, Mr. Weathersby filed this motion pro se, by which he requests that this Court reconsider its denial of his § 2255 motion. Mr. Weathersby initially sought relief from that denial on the basis of D. Kan. Rule 7.3. In his reply brief, however, he requests that the Court construe his reconsideration motion as a motion under Fed. R. Civ. P. 60(b).[1] Liberally construed, Mr. Weathersby's pro se motion and reply brief contain the following claims:

1) It is a "manifest injustice" to uphold his "unconstitutional sentence";
2) "Extraordinary circumstances" authorize relief under Rule 60(b)(6); and
3) Under *Apprendi v. New Jersey*, 530 U.S. 466 (2000), his sentence is illegal based on the Court's "preponderance of the evidence finding" that his conduct involved more kilograms of cocaine than the jury found.

**II.    Analysis**

A.  Application of Rule 60(b)

Under Fed. R. Civ. P. 60(b)(6), a court, "on motion and just terms," may grant relief from a final judgment or order "for any other reason [than those specific reasons enumerated in the rule] that justifies relief." *Id.*

Rule 60(b) may be used to seek relief from the denial of a post-conviction habeas petition. *See Gonzalez v. Crosby*, 545 U.S. 524, 529 (2005). A motion invoking Rule 60(b) properly seeks relief under that rule if it either:

(1) challenges only a procedural ruling of the habeas court which precluded a merits determination of the habeas application; or (2)

---

[1] Mr. Weathersby specified D. Kan. Rule 7.3 as the procedural basis for his motion to reconsider. As the government correctly notes, however, Rule 7.3(a) precludes reconsideration because the Court's dismissal and denial of Mr. Weathersby's § 2255 motion was dispositive. *See Steele v. Ellis*, 961 F. Supp. 1458, 1467 (D. Kan. 1997). In his reply brief, Mr. Weathersby appears to agree that Rule 7.3 is inapplicable and instead bases his argument on Rule 60(b).

3

> challenges a defect in the integrity of the federal habeas proceeding, provided that such a challenge does not itself lead inextricably to a merits-based attack on the disposition of a prior habeas petition.

*Spitznas v. Boone*, 464 F.3d 1213, 1215-16 (10th Cir. 2006) (citations omitted). On the other hand, a motion that "in substance or effect asserts or reasserts a federal basis for relief from the petitioner's underlying conviction" is classified as a second or successive habeas petition. *Id.* If the motion constitutes a second or successive petition, the district court may transfer it to the Tenth Circuit if the court "determines it is in the interest of justice to do so." *In re Timothy Jay Cline*, 531 F.3d 1249, 1252 (10th Cir. 2008). The court may, however, conclude that "there is no risk that a meritorious successive claim will be lost" if not transferred, in which case, the court may dismiss the petition. *Id.*

### B. Analysis of Mr. Weathersby's Claims

The Court concludes that Mr. Weathersby's first and second claims merely repeat arguments made to the Court in his original § 2255 motion. Mr. Weathersby previously argued in his § 2255 motion and reply brief, as he now argues in this motion, that his sentence was illegal and unconstitutional and that "extraordinary circumstances" justify his relief. In addition, he now argues that it would be a "manifest injustice" to uphold his sentence. Although the Court denied Mr. Weathersby's § 2255 motion because it was time-barred, and thus did not consider its merits, Mr. Weathersby provides no new argument for why the court erred in denying his initial motion or why he is entitled to relief under Rule 60(b). Instead he merely reiterates the same arguments he previously raised. Accordingly, the

Court denies Mr. Weathersby's motion for reconsideration on the basis of his first and second claims.

The Court concludes that Mr. Weathersby's third claim, that his sentence is illegal under *Apprendi*, is a second or successive habeas claim that the Court must transfer to the Tenth Circuit. Mr. Weathersby argues that his sentence violates *Apprendi* because the Court determined by a preponderance of the evidence that the conduct for which he was convicted and sentenced involved more kilograms of cocaine than the jury determined his conduct involved. This argument does not challenge a procedural ruling or defect in the integrity of the federal habeas proceeding, nor did Mr. Weathersby previously raise this argument on direct appeal or in his § 2255 motion. Mr. Weathersby's *Apprendi* claim asserts a federal basis for relief from his underlying conviction, which the Court must consider a second or successive habeas claim. Accordingly, the Court transfers Mr. Weathersby's third claim to the Tenth Circuit.

IT IS THEREFORE ORDERED THAT Mr. Weathersby's Motion for Reconsideration of the Denial of Defendant's 28 U.S.C. § 2255 (Doc. #243) is denied to the extent set forth herein, and the Motion is otherwise transferred to the United States Court of Appeals for the Tenth Circuit for consideration as a second or successive petition pursuant to 28 U.S.C. § 2255. The Clerk of the Court shall mail copies of the Motion for Reconsideration of the Denial of Defendant's 28 U.S.C. § 2255, the Government's Response in Opposition to Defendant's Motion to Reconsider, Defendant's Reply to Government's Opposition to Defendant's

Motion to Reconsider, and this Memorandum and Order to the United States Court of Appeals for the Tenth Circuit.

    IT IS SO ORDERED.

    Dated this 9th day of October, 2009, in Kansas City, Kansas.

                                     s/ John W. Lungstrum
                                     John W. Lungstrum
                                     United States District Judge