**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

|                                   |     |                        |
| --------------------------------- | --- | ---------------------- |
| UNITED STATES OF AMERICA,         | )   |                        |
| Plaintiff,                        | )   |                        |
| v.                                | )   | Case No.  98-20076     |
|                                   | )   | 08-2081                |
| KEITH V. WEATHERSBY,              | )   |                        |
| Defendant.                        | )   |                        |

---

## MEMORANDUM AND ORDER

Defendant Keith Weathersby was convicted by a jury on March 26, 2002 of conspiracy to possess with intent to distribute cocaine and of possession with intent to distribute cocaine or aiding and abetting the possession with intent to distribute cocaine. He was sentenced to 292 months in prison on each count, to run concurrently. He filed a direct appeal, and the Tenth Circuit Court of Appeals upheld the conviction and sentence. *United States v. Weathersby*, No. 02-3322, 2004 WL 407036 (10th Cir. Mar. 5, 2004) (unpublished opinion).

Mr. Weathersby then filed a motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255 (doc. 232). This court denied that motion as untimely because it was filed past the one-year deadline and because equitable tolling was not an appropriate remedy (doc. 242).

Nine months after that order, Mr. Weathersby filed a motion to reconsider

pursuant to Rule 60(b) of the Federal Rules of Civil Procedure (doc. 243). This court

denied that motion in part, finding that Mr. Weathersby failed to satisfy the standards of

Rule 60(b) (doc. 252). The court also transferred part of his motion to the Tenth Circuit

for consideration as a second or successive habeas petition (doc. 252). Mr. Weathersby,

however, neglected to comply with the Tenth Circuit procedure for obtaining permission

to file a second or successive habeas claim, opting instead to file a motion to remand,

which the Tenth Circuit denied (doc. 254). Mr. Weathersby then filed a notice of appeal

(doc. 255), which the Tenth Circuit dismissed as untimely (doc. 259).

Now, more than one year after the last activity in his case, Mr. Weathersby has

filed another Rule 60(b) motion to reconsider (doc. 260). He again seems to be arguing

that the court should have equitably tolled the one-year statute of limitations and

evaluated his § 2255 petition on the merits. Mr. Weathersby, however, provides no new

argument for why the court erred in denying his initial motion or why he is entitled to

relief under Rule 60(b). Instead he again merely reiterates the same arguments he

previously raised that he had retained an attorney who failed to file a § 2255 by the

deadline. But as the court noted in a prior order:

> The record in this case establishes that by August of 2005 Mr. Weathersby
> knew his attorney had failed to file the § 2255 motion. He sent a letter to
> the court dated August 18, 2005 (doc. 226) in which he stated that he had
> paid his attorney to file a § 2255 motion on his behalf by the due date of
> June 21, 2005, that he was aware his attorney had not filed the motion on
> time, and that he had retained other counsel to work on his case. At the
> very latest, then, the trigger date under § 2255(f)(4) was August 18, 2005.
> Consequently, the one-year time limit expired on August 18, 2006. He did
> not file his § 2255 motion until February 19, 2008, which was

2

approximately eighteen months too late.

(Doc. 242.) Mr. Weathersby provides no new argument why the court should have reached a different conclusion.

**IT IS THEREFORE ORDERED BY THE COURT** that defendant's motion for reconsideration (doc. 260) is denied.

**IT IS SO ORDERED** this 30th day of June, 2011.

s/ John W. Lungstrum
John W. Lungstrum
United States District Judge