IN THE UNITED STATES DISTRICT COURT
DISTRICT OF KANSAS

**United States of America,**

       **Plaintiff,**

**v.**                                                       Case No. 98-20076-03-JWL

**Keith V. Weathersby,**

       **Defendant.**

## **MEMORANDUM & ORDER**

In March 2002, defendant Keith Weathersby was convicted of two federal drug offenses and sentenced to 292 months' imprisonment. On appeal, the Tenth Circuit affirmed Mr. Weathersby's conviction and sentence. *See United States v. Weathersby*, 89 Fed. Appx. 683 (10th Cir. 2004). In February 2008, Mr. Weathersby filed a motion for relief under 28 U.S.C. § 2255 which this court dismissed as untimely. Recently, Mr. Weathersby filed with the Tenth Circuit a motion for authorization to file a second or successive motion under § 2255. In May 2013, the Tenth Circuit dismissed that motion as unnecessary on the grounds that the § 2255 motion that Mr. Weathersby sought to file did not appear to constitute a "second or successive" motion subject to the gatekeeping provisions of § 2255(h). *In re Weathersby*, 717 F.3d 1108, 1109 (10th Cir. 2013). Mr. Weathersby has now filed the § 2255 motion that was the subject of the Tenth Circuit's opinion (doc. 267). As will be explained, the motion is denied.

In his motion, Mr. Weathersby seeks to reopen his federal sentence because, according to Mr. Weathersby, six California state convictions that were used to enhance his sentence have since been expunged. By way of background, Mr. Weathersby's presentence report reflects that

he received eight criminal history points for various California state court convictions as follows: A conviction in July 1986 for carrying a concealed weapon in a vehicle (1 point) (PSR ¶ 43); a conviction in November 1988 for driving with a suspended license (1 point) (PSR ¶ 45); a January 1990 conviction for possession of marijuana while driving a vehicle (1 point) (PSR ¶ 47); an October 1990 conviction for driving with a suspended license (1 point) (PSR ¶ 49); an October 1993 conviction for driving without a license (1 point) (PSR ¶ 53); an August 1994 conviction for a convicted person carrying a concealed firearm in a vehicle (2 points) (PSR ¶ 55); and an August 1994 conviction for possession of less than 1 ounce of marijuana (1 point) (PSR ¶ 57).

Mr. Weathersby has submitted with his motion a copy of his California criminal history record maintained in the files of the State of California Department of Justice's Bureau of Criminal Information and Analysis. The criminal history record reflects that Mr. Weathersby's July 1986 conviction for carrying a concealed weapon in a vehicle was set aside and dismissed on June 11, 2012. The state convictions reflected in PSR ¶¶ 45, 47, 49, 53 and 57 are not found anywhere on the criminal history record submitted by Mr. Weathersby.[1] While the conviction reflected in PSR ¶ 55 does appear on the record submitted by Mr. Weathersby, nothing in that record suggests that the conviction has been expunged and, in fact, Mr. Weathersby does not suggest otherwise in his motion. Rather, he contends that the convictions in PSR ¶¶ 43, 45, 47, 49, 53 and 57 have been expunged. His motion, however, is not verified and there is simply no

---

[1] The record submitted by Mr. Weathersby does reflect that other convictions were dismissed for various reasons, but he was not assessed criminal history points for these convictions in the PSR; rather, these convictions were identified in the PSR as "other criminal conduct" and they had no bearing on Mr. Weathersby's sentence.

evidence before the court remotely suggesting that any conviction other than the conviction reflected in PSR ¶ 43 has been expunged.[2] For this reason, any claim concerning the expungement of these convictions necessarily fails.

Mr. Weathersby, then, is left with the expungement of his July 1986 conviction for which he received 1 criminal history point. Even assuming that Mr. Weathersby diligently pursued this expungement under *Johnson v. United States*, 544 U.S. 295 (2005) and further assuming that the expungement was related to innocence or an error of law,[3] the expungement does not alter Mr. Weathersby's sentence. As noted in the PSR, Mr. Weathersby was assessed eight criminal history points based on his prior convictions, but only six points were used to determine the criminal history category in light of the limit set forth in U.S.S.G. § 4A1.1(c). Pursuant to the sentencing table at U.S.S.G. Chapter 5, Part A, six criminal history points established a criminal history category of III. Thus, even if the court removed the one criminal history point for the July 1986 conviction, Mr. Weathersby would still have six criminal history

---

[2] Mr. Weathersby declares under penalty of perjury that the exhibits attached to his motion are true and correct copies of the documents they purport to be, but the motion itself is not verified or otherwise sworn.

[3] The record indicates that Mr. Weathersby waited nearly 10 years after his federal judgment was entered to begin the process of seeking an expungement such that his claim would be untimely under *Johnson* and that the conviction was expunged for the sole purpose of restoring Mr. Weathersby's civil rights or removing the stigma of a criminal conviction such that the conviction would still be counted for criminal history purposes. *See United States v. Hines,* 133 F.3d 1360, 1363 (10th Cir. 1998) (in recalculating a defendant's sentence when state convictions have subsequently been dismissed or expunged under state law, district court should exclude only those convictions reversed or vacated for reasons related to constitutional invalidity, innocence or errors of law; convictions expunged for other reasons such as to restore civil rights or remove the stigma of a criminal conviction are still counted for criminal history purposes).

points for purposes of calculating his criminal history category. There is no basis, then, to reopen Mr. Weathersby's sentence and his motion is denied.

Finally, the court notes that it lacks the authority to grant a certificate of appealability with respect to Mr. Weathersby's claim because the claim concerns only non-constitutional sentencing issues. *United States v. Trinkle*, 2013 WL 363480, at *1 (10th Cir. Jan. 31, 2013).

**IT IS THEREFORE ORDERED BY THE COURT THAT** Mr. Weathersby's motion to vacate, set aside or correct his sentence under 28 U.S.C. § 2255 (doc. 267) is **denied** and the court lacks the authority to grant a certificate of appealability.

**IT IS SO ORDERED.**

Dated this 22nd day of August, 2013, at Kansas City, Kansas.

s/ John W. Lungstrum
John W. Lungstrum
United States District Judge