# IN THE UNITED STATES DISTRICT COURT
# DISTRICT OF KANSAS

**United States of America,**

    **Plaintiff,**

v.                                               Case No. 98-20076-03-JWL

**Keith V. Weathersby,**

    **Defendant.**

## MEMORANDUM & ORDER

In March 2002, defendant Keith Weathersby was convicted of two federal drug offenses and sentenced to 292 months' imprisonment. On appeal, the Tenth Circuit affirmed Mr. Weathersby's conviction and sentence. *See United States v. Weathersby*, 89 Fed. Appx. 683 (10th Cir. 2004). Recently, Mr. Weathersby filed a § 2255 motion seeking to reopen his sentence because, according to Mr. Weathersby, six California state convictions that were used to enhance his sentence have since been expunged. The court denied the motion on the grounds that Mr. Weathersby only came forward with evidence that one conviction had been set aside and, even if the court removed the one criminal history point assessed for that conviction, Mr. Weathersby would still have six criminal history points for purposes of calculating his criminal history category (he received eight criminal history points in his presentence report).

Mr. Weathersby now moves for reconsideration of the court's order. In support of the motion, Mr. Weathersby submits an Order for Dismissal that he obtained after the court entered its order. The August 28, 2013 Order for Dismissal concerns the conviction described in Paragraph 55 of Mr. Weathersby's presentence report for which he received two criminal history

points. Mr. Weathersby urges that the dismissal order requires the court to deduct two criminal history points in calculating his criminal history category and that he is entitled to have his sentence recalculated. The court disagrees.

The Order for Dismissal indicates that Mr. Weathersby's conviction was set aside pursuant to California Penal Code § 1203.4. Convictions set aside pursuant to this section fall under U.S.S.G. § 4A1.2's general rules governing federal courts' use of prior convictions and not under § 4A1.2(j)'s exception for expunged convictions. Because the conviction has not been expunged for purposes of the federal sentencing guidelines, Mr. Weathersby is not entitled to a recalculated sentence. *United States v. Hayden*, 255 F.3d 768, 773-74 (9th Cir. 2001) (conviction set aside under California Penal Code 1203.4 are counted in computing criminal history); *Valentine v. United States*, 221 F.3d 1346 (8th Cir. 2000) (same); *see also United States v. Hines*, 133 F.3d 1360, 1363 (10th Cir. 1998) (in recalculating a defendant's sentence when state convictions have subsequently been dismissed or expunged under state law, district court should exclude only those convictions reversed or vacated for reasons related to constitutional invalidity, innocence or errors of law; convictions expunged for other reasons such as to restore civil rights or remove the stigma of a criminal conviction are still counted for criminal history purposes). There is no basis, then, to reconsider the court's order denying Mr. Weathersby's § 2255 motion and the motion is denied.

As it did with Mr. Weathersby's initial motion, the court notes that it lacks the authority to grant a certificate of appealability with respect to Mr. Weathersby's claim because the claim concerns only non-constitutional sentencing issues. *United States v. Trinkle*, 2013 WL 363480, at *1 (10th Cir. Jan. 31, 2013).

2

**IT IS THEREFORE ORDERED BY THE COURT THAT** Mr. Weathersby's motion for reconsideration (doc. 274) is **denied** and the court lacks the authority to grant a certificate of appealability.

**IT IS SO ORDERED.**

Dated this 30th day of September, 2013, at Kansas City, Kansas.

s/ John W. Lungstrum
John W. Lungstrum
United States District Judge